UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-cv-23780-GAYLES

ROBERT W. JOHNSON,

        Plaintiff,

v.

OFFICER K. ALBOLINO,

        Defendant.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Robert W. Johnson, appearing pro se, filed this action on October 1, 2024. [ECF No. 1]. Because Plaintiff seeks to proceed without paying the filing fee, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

### I. LEGAL STANDARD

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

## II. DISCUSSION

In his Complaint, Plaintiff alleges, without detail, that (1) a third party trespassed on his property in Syracuse, New York; (2) the Syracuse Police Department was contacted; and (3) four officers from the Syracuse Police Department, including Defendant Officer K. Abolino, failed to arrest or issue a restraining order against the alleged trespasser. [ECF No. 1]. The Complaint states that this Court has jurisdiction over Plaintiff's claim pursuant to 42 U.S.C. § 1983 for "DISCRIMINATIONS, CIVIL RIGHTS VIOLATIONS AND DUE PROCESS VIOLATIONS." *Id*.

Plaintiff's bare bones Complaint does not contain sufficient facts to state a plausible claim. *Donohoe v. Heine*, No. 2:21-CV-439-JES-NPM, 2022 WL 10483616, at *2 (M.D. Fla. Oct. 18, 2022) ("This bare bones allegation is insufficient to state a claim upon which relief can be granted. . . . In other words, Plaintiff's two-sentence statement does not provide enough detail to even hypothesize a potential claim."). Plaintiff fails to allege facts regarding the purported trespass on his property, the conduct of the Officers, or Plaintiff's interaction with Defendant or the other officers. Plaintiff also fails to explain how Defendant's decision not to arrest or issue a restraining order against the purported trespasser constitute a violation of his rights. Without more, Plaintiff fails to allege a plausible claim for deprivation of his civil right under § 1983. *See Moody v. Miami-Dade Cnty.*, No. 19-CV-24638, 2020 WL 13614264, at *2

(S.D. Fla. July 24, 2020) ("Without alleging a violation of *specific* substantive rights, a § 1983 claim [] fall[s] short of the applicable pleading standard.") (emphasis added). Accordingly, the Complaint must be dismissed for failure to state a claim.[1]

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of October, 2024.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that venue here appears improper. Plaintiff, who resides in New York, is suing an officer, who resides in New York, for an incident that occurred in New York. The Complaint asserts no connection to the Southern District of Florida. *See* 28 U.S.C. § 1391(b).